**In re John Allen SAMSON.**

**UNITED STATES of America,
Appellant,**

v.

**John Allen SAMSON, Appellee.**

Civ. A. No. 2:88–2177–1.

United States District Court,
D. South Carolina,
Charleston Division.

March 20, 1989.

Kevin Campbell, Mount Pleasant, S.C., trustee, for debtor.

Betsy A. Burke, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for U.S.

## ORDER

HAWKINS, District Judge.

This matter comes before the court on appeal from a decision of the Honorable J. Bratton Davis, United States Bankruptcy Judge. On July 6, 1988, Judge Davis issued an order denying the government's motion for an order directing compliance with an Internal Revenue Service (IRS) levy. Judge Davis denied the government's motion on the ground that Local Bankruptcy Rule M–04 required the government to serve the bankrupt's wife, Trudy Samson, with a copy of the motion. The government has appealed and contends that Ms. Samson is not an "appropriate party" under the local bankruptcy rule because she has no standing to challenge the levy.

The facts as they appear at this time are as follows. The bankruptcy trustee, Kevin Campbell, sold certain real property belonging to John Allen and Trudy Samson in order to satisfy certain of Mr. Samson's debts. The trustee distributed those proceeds from the sale belonging to Mr. Samson, but he retained proceeds from the sale in the amount of $6,703.95 which proceeds are owing to Ms. Samson.

On April 29, 1982, a notice of federal tax lien naming John and Trudy Samson as taxpayer was filed with the register of mesne conveyances in Charleston County, South Carolina. This lien encumbered "all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue." On September 1, 1983, the IRS served the trustee with notice of levy against those proceeds. The notice of levy reflects that John and Trudy Samson owe the United States a total of $18,082.95 in taxes assessed on May 10, 1982, August 15, 1982 and August 22, 1982. Trudy Samson's whereabouts are unknown.

The government filed a motion in the bankruptcy court seeking to compel the trustee's compliance with the notice of levy. Judge Davis denied the motion based

on Local Bankruptcy Rule M–04. That rule reads in pertinent part:

Upon the filing of a motion ... the moving party simultaneously shall serve a copy of the motion ... on all appropriate parties and shall file an affidavit or certificate of such service in the office of the clerk of th[is] court.

This local rule is proper pursuant to Bankruptcy Rule 9013 which provides:

A request for an order, except when application is authorized by these rules, shall be by written motion, unless made during a hearing. The motion shall state with particularity the grounds therefor, and shall set forth the relief of order sought. Every written motion other than one which may be considered ex parte shall be served by the moving party on the trustee or debtor in possession and on those entities specified by these rules or, if service is not required or the entities to be served are not specified by these rules, the moving party shall serve the entities the court directs.

Since the Local Rule is consistent with the Bankruptcy Rule, the question for this court on appeal is whether or not Trudy Samson was an appropriate party on whom Rule M–04 required service of the motion. The court agrees with the government that, if Ms. Samson has no standing to challenge the levy, she is not such an appropriate party.

The Internal Revenue Code provides as follows:

(a) ... If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary or his delegate to collect such tax ... by levy upon all property and rights to property ... belonging to such person....

(b) ... The term "levy" as used in this title includes the power of distraint and seizure by any means....

26 U.S.C. § 6331. With respect to persons in possession of property subject to a levy, the Code provides:

(a) ... [A]ny person in possession of ... property subject to levy upon which a levy has been made shall, upon demand of the Secretary or his delegate, surrender such property or rights ... to the Secretary or his delegate, except such part of the property rights as is, at the time of such demand, subject to attachment or execution under any judicial process.

26 U.S.C. § 6332. Any third person honoring an IRS levy is immune from liability to the delinquent taxpayer with respect to the surrender. 26 U.S.C. § 6332(d).

■ Finally, and most importantly for purposes of this court's decision, neither the taxpayer nor a person in possession of the taxpayer's property may contemporaneously challenge an IRS seizure. Section 7421 precludes suits by the taxpayer for purposes of restraining the assessment or collection of any tax. Additionally, in *United States v. National Bank of Commerce*, 472 U.S. 713, 729, 105 S.Ct. 2919, 2929, 86 L.Ed.2d 565 (1985), the Court recognized:

Congress ... balanced the interest of the Government in the speedy collection of taxes against the interests of any claimants to the property, and reconciled those interests by permitting the IRS to levy on the assets at once, leaving ownership disputes to be resolved in a post-seizure administrative or judicial proceeding.

■ A taxpayer must be given notice of an assessment, 26 U.S.C. § 6212, but there is no requirement that the taxpayer be given notice of the actual seizure of the property. The government did attempt to notify Ms. Samson of the assessment. Since Trudy Samson was not entitled to notice of the seizure, and since she is precluded form contemporaneously challenging that seizure, this court finds that the government did not need to serve her with the motion for an order directing compliance with the levy.

Finally, in *In re Meter Maid Industries, Inc.*, 462 F.2d 436 (5th Cir.1972), the court determined that the doctrine of *custodia legis* did not bar an IRS levy on funds in the possession of a bankruptcy trustee. In *In re Meter Maid*, the IRS levied on funds

held by the trustee but owing to a claimant. The claimant was a delinquent taxpayer, and the Court of Appeals upheld the validity of the levy. The court reasoned:

> [W]hen authority for the law's custody and for the Internal Revenue's levy derive from the same source, with no potential clash between jurisdictions, the doctrine against attachment does not prevail.

*Id.* at 438. This court finds the reasoning of the court in *In re Meter Maid* persuasive and, therefore, finds that the IRS levy in this case was proper.

It appears to the court that, pursuant to Judge Davis' order, the funds in question were remitted to the clerk of the bankruptcy court. Having determined that Trudy Samson was entitled to neither notice of the levy nor service of the government's motion, and having found that the levy was proper under the reasoning of *In re Meter Maid,* the court will remand the case to the bankruptcy court with instructions to order the clerk to release the funds held on behalf of Ms. Samson to the government. It is

ORDERED, that the decision of the Bankruptcy Court be, and the same is hereby, reversed. It is

ORDERED FURTHER, that this matter is remanded to the Bankruptcy Court with instructions to issue an order directing the clerk of that court to release the funds held on behalf of Ms. Samson to the government.

AND IT IS SO ORDERED.